

Effern Deons a/k/a
**FULL NAME**
Ishmael mizrahi
**COMMITTED NAME (if different)**

**FULL ADDRESS INCLUDING NAME OF INSTITUTION**
MENS CENTRAL JAIL
441 BAUCHET ST, LOS ANGELES
CA. 90012
**PRISON NUMBER (if applicable)**
#1714721

FILED
CLERK, U.S. DISTRICT COURT
JAN 2 2 2009
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

2009 JAN 2   PM
CLERK U.S. D
CENTRAL DI
LOS ANGEL
BY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ISHMAEL MIZRAHI                   (550)

**PLAINTIFF,**

LEE BACA
C.A. Hinton
C.A. CALDWELL
Sgt. S.D. ROBERTS

**DEFENDANT(S).**

**CASE NUMBER** CV09 321 - JFW E)
*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

< DEMAND FOR JURY TRIAL >

## A.  PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes  ☐ No

2. If your answer to "1." is yes, how many? ___One___

Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

The complaint regarded First and Fourteenth
Amendment issues of religious Practice in a
Prison Context, as well as issues of qualified
Immunity

LODGED
2009 JAN 14 PM 4:53
CLERK US DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

RECEIVED
CLERK, U.S. DISTRICT COURT
JAN 13 2009
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

---

CV-66 (7/97)                    **CIVIL RIGHTS COMPLAINT**                    Page 1 of 6

a. Parties to this previous lawsuit:
   Plaintiff _Ishmael Mizrahi_

   Defendants _Kamal Abdul Jabbar and Lon Moskowitz_

b. Court _U.S. District Court, Central District of California_

c. Docket or case number _CV00-06320 FMC(E)_

d. Name of judge to whom case was assigned _Hon. Florence Marie Cooper_

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _Pretrial Settlement_

f. Issues raised: _I & XIV U.S. Const. Amend. regarding freedom of religion_

g. Approximate date of filing lawsuit: _5/2000_

h. Approximate date of disposition _3/2003_

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

   If your answer is no, explain why not _N\A_

3. Is the grievance procedure completed? ☒ Yes   ☐ No

   If your answer is no, explain why not _N\A_

4. Please attach copies of papers related to the grievance procedure. ⟹ SEE EXHIBIT "A"

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _ISHMAEL MIZRAHI_
(print plaintiff's name)

who presently resides at _441 Bauchet St. Los Angeles, Co 90012_
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
_MENS CENTRAL JAIL_
(institution/city where violation occurred)

on (date or dates) __9-25 08__, __10-9- 08__, __10-8- 08__.
   (Claim I)         (Claim II)        (Claim III)

NOTE:     You need not name more than one defendant or allege more than one claim. If you are naming more than
          five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant _____Hinton_____ resides or works at
     (full name of first defendant)

     __441 Bauchet St., Los Angeles, CA. 90012__
     (full address of first defendant)

     __Custody Assistant\Legal Dept__
     (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:

__Defendant Hinton denied plaintiff access to the courts__
__(law library )-__

2.   Defendant _____Caldwell_____ resides or works at
     (full name of first defendant)

     __441 Bauchet St., Los Angeles, CA. 90012__
     (full address of first defendant)

     __Custody Assistant\Legal Dept.__
     (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:

__Defendant Caldwell denied plaintiff access to the__
__Courts (law library)__

3.   Defendant _____J.D. Roberts_____ resides or works at
     (full name of first defendant)

     __441 Bauchet St., Los Angeles, CA. 90012__
     (full address of first defendant)

     __Sergeant Dept\Legal Dept.__
     (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:

__Defendant Roberts Knew plaintiff was being denied__
__access to the courts, but willfully failed to review__
__plaintiffs inmate complaint with regards to being__
__denied access to the law library.__

4.  Defendant  *Lee Baca*
    <u>(full name of first defendant)</u>                              resides or works at

    *4700 Ramona Blvd., Monterey Park, CA. 91754*
    <u>(full address of first defendant)</u>

    *Sheriff (L.A. County)*
    <u>(defendant's position and title, if any)</u>

The defendant is sued in his/her (Check one or both): ☐ individual   ☑ official capacity.

Explain how this defendant was acting under color of law:

*Defendant Baca had knowledge plaintiff was being denied access to the courts but failed to act to remedy plaintiff's denial of access to law library*

5.  Defendant _____ resides or works at

    (full name of first defendant)
    *N\A*
    (full address of first defendant)
    *N\A*
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

*N\A*

## D. CLAIMS*

<div align="center">CLAIM I</div>

The following civil right has been violated:

1. U.S. Const. Amend. V (Access to the Courts)

2. U.S. Const. Amend. XIV (Access to the Courts)

3. U.S. Const. Amend. XIV (Inmate Grievance proc.)

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

Custody Ass't Hinton
Defendant #1

*At all times cited herein, Plaintiff Mason is incarcerated at Mens Central Jail and housed in module 2700, non-disciplinary administrative segregation.

I. On or about September 25, 2008, at approximately 9 pm, a module 2700 deputy allowed Plaintiff access to the law library to conduct legal research and document preparation relative to filing a federal civil rights complaint in the United States' District Court for the Central District of California.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline. * Continued - See Attached Sheet *

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

---

**I   PERMANENT INJUNCTIVE RELIEF**

a.) That a scheduled time be established that
would allow plaintiff and those similarly situated
that are not proper criminal defendants, to use or
have access to the law library at Mens Central
Jail.

---

**II   COMPENSATORY DAMAGES**

a. — Defendant Hinton       $ 100,000
b. — Defendant Caldwell     $ 100,000
c. — Defendant Roberts      $ 100,000
d. — Defendant Baca         $ 100,000

---

**III   EMOTIONAL PAINS & SUFFERING**

a. — Defendant Hinton       $ 50,000
b. — Defendant Caldwell     $ 50,000
c. — Defendant Roberts      $ 50,000
d. — Defendant Baca         $ 50,000

---

**IV   PUNITIVE DAMAGES**

With regards to all defendants, in any amount
the court would deem appropriate.

---

_1/1/09_
(Date)

(Signature of Plaintiff)

---

EXHIBIT "A"

Documents Related to
Exhaustion of Administrative
Remedies

# COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT
## INMATE COMPLAINT / SERVICES REQUEST FORM

### Instructions:

Fill out the portion below as completely as possible. Place an "X" in the appropriate box. Once completed, tear off the last copy for yourself and then place the original and the second copy into the "Request / Complaint Form" box. Some of the choices may or may not apply to you or your facility.

## Only one request per form.

Effein Deans    H8N304 MC5    27C-DR 10-10-08

### I WOULD LIKE TO SPEAK WITH A:

☐ Medical Staff regarding:

☐ Mental Health (Circle all that apply)
Speak to a clinician, inquire about medication, or other:

☐ Dentist regarding:

☐ Release Planner from the Community Transition Unit (Circle all that apply).
Information on any court ordered classes (domestic violence, parenting, substance abuse assistance), education programs, job training, housing, medical health, mental health, transportation to a shelter or drug rehab programs, social security benefits, or religious services.

**Inmate Services**
☐ Chaplain:
Religious Preference _____

Language _____

☐ Education Representative  ☐ V.A. Representative

☒ Other:
Legal Dept.
J.B. Rubens
MC5 legal
Dept.

### REQUEST TO SPEAK WITH THE APPROPRIATE PERSON REGARDING:

☐ Becoming an inmate worker.
☐ Becoming an inmate station worker.
☐ Attending school while in custody.
☐ Attending substance abuse treatment while in custody.
☐ Other:
☐ Voter Information

### REQUEST FOR INFORMATION:

☐ When is my release date?  ☐ When is my next court date?  ☐ What is my account balance?  ☐ Other:

### I WOULD LIKE TO RECEIVE:

☐ Haircut (Indigent / No Funds)  ☐ Writing materials (Indigent / No Funds)  ☐ Commissary  ☐ Shoes  ☐ Other: ____ Specify
☐ Library time (May or may not apply to your facility)  ☒ Law Library time  ☐ Legal forms ____ Specify

### I HAVE THE FOLLOWING REQUEST / COMPLAINT:

I never did have request access to the law library on numerous occasions, but I needed access to the law books and photo stations to research claims that I want to raise in federal court concerning my conditions of confinement and medical treatment.

------FOR DEPARTMENT USE ONLY – DO NOT WRITE BELOW THIS LINE------

Assigned To: ☐ Medical Services ☐ Dental ☐ Mental Health ☐ Food Services ☐ Inmate Services ☐ CTU

| Name Of Individual Receiving Request / Complaint | Employee # | Date |
|---|---|---|

Name Of Person Handling Request / Complaint For Service ☐ Request For Service ☐ Personnel Complaint ☐ Service Complaint ☐ Other Facility

| Name | Employee # | Date | REFERENCE NUMBER |
|---|---|---|---|

| Complaint Type | Disposition Code | URN (if applicable) |
|---|---|---|

## DISPOSITION

THE ABOVE HAS BEEN DISCUSSED WITH ME AND I HAVE BEEN ADVISED OF THE FINDINGS

White – Facility          Yellow – Inmate copy at time of disposition          Pink – Inmate copy at time of submission

COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT
## INMATE COMPLAINT / SERVICES REQUEST FORM

### Instructions:

Fill out the portion below as completely as possible.  Place an "X" in the appropriate box.  Once completed, tear off the last copy for yourself and then place the original and the second copy into the "Request / Complaint Form" box.  Some of the choices may or may not apply to you or your facility.

### Only one request per form.

| Inmate Name | Booking # | Facility | Housing Loc. | Date |
|---|---|---|---|---|
| ETTERIN DEANS | 987304 | MCJ | 27W DH | 10-8-08 |

### I WOULD LIKE TO SPEAK WITH A:

☐ Medical Staff regarding:

**Inmate Services**

☐ Chaplain:
Religious Preference _____
Language _____

☐ Education Representative   ☐ V.A. Representative

☐ Mental Health (Circle all that apply)
Speak to a clinician, inquire about medication, or other:

☐ Dentist regarding:

☐ Release Planner from the Community Transition Unit (Circle all that apply).
Information on any court ordered classes (domestic violence, parenting, substance abuse assistance), education programs, job training, housing, medical or mental health, transportation to a shelter or drug rehab programs, social security benefits, or religious services.

☒ Other:
law library
Sgt. Robert?

### REQUEST TO SPEAK WITH THE APPROPRIATE PERSON REGARDING:

☐ Enrolling in mainternal care
☐ Enrolling in transition worker

☒ Attending school while in custody
☒ Attending substance abuse treatment while in custody

☐ Other:
☐ Voter Information

### REQUEST FOR INFORMATION:

☐ What is my release date?   ☐ When is my next court date?   ☒ What's my account balance?   ☐ Other:

### I WOULD LIKE TO RECEIVE:

☐ Tandem/indigent: No Rights   ☐ Writing materials (while only with writing supplies)   ☐ Commissary   ☐ Shoes   ☐ Other: _____ Specify
☐ Legal phone (May be only indigents requiring it)   ☒ Law Library time   ☐ Legal forms _____ Specify

### I HAVE THE FOLLOWING REQUEST / COMPLAINT:

(If the issue constitutes an emergency, contact the deputy in the area involved. Attach additional pages if needed.)

I would like access to the law library to
file a civil rights complaint that I
have no conditions of confinement
12013 of civil Procedure because my
rights to comply federal guidelines and
procedures

---

**FOR DEPARTMENT USE ONLY – DO NOT WRITE BELOW THIS LINE**

Assigned To:  ☐ Medical Services   ☐ Dental   ☐ Mental Health   ☐ Food Services   ☐ Inmate Services   ☐ CTU

| Name Of Individual Receiving Request / Complaint | Employee # | Date |
|---|---|---|
| | | |

Name Of Person Handling Request / Complaint For Service   ☐ Request For Service   ☐ Personnel Complaint   ☐ Service Complaint   ☐ Other Facility

| Name | Employee # | Date | REFERENCE NUMBER |
|---|---|---|---|
| | | | |

| Complaint Type | Disposition Code | URN (If Applicable) |
|---|---|---|
| | | |

### DISPOSITION

| | | |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

THE ABOVE HAS BEEN DISCUSSED WITH ME AND I HAVE BEEN ADVISED OF THE FINDINGS

| Inmate's Signature | Date |
|---|---|
| | |

White – Facility          Yellow – Inmate copy at time of disposition          Pink – Inmate copy at time of submission

SH-J-420 Rev. 6/08

10/14/2008

To: L.A. County Sheriff's Dept.
   Attn: Lee Baca, Sheriff
   4700 Ramona Blvd.
   Monterey Park, Ca.

From: Efferin Deons #9877304
     Mens Central Jail
     441 Bauchet street
     Los Angeles, Ca. 90012

Re: Inadequate access to the law
library\ Meaningful access to courts
and correspondance>
Dear Sheriff Baca:

        This is the second correspondance
directed to your office regarding the
legal department at Mens Central Jail
refusal to allow me access to the law
library. My first letter concerning this
issue was composed and mailed to you
on or about 10/8/2008.

        To summarize the last letter,
I filed an inmate request for law libray
time with the legal department at Mens
Central Jail. Custody Assistants Hinton
and Caldwell, legal department liasions,

(1)

Con't

both stated to me that only pro-per
Criminal defendants in state court were
allowed access to the law library and its
resources. I stated to both Hinton and
Caldwell, on different occasions, that I required
access to the law library to prepare legal
documents (i.e., writs of habeas corpus and civil
action pursuant 42 U.S.C §1983) with regards
to my conditions of confinement where
I have exhausted my administrative
remedies.
    I further explained that the law library
has a computerized data-base with
current and past Ninth Circuit case law
and the Federal Rules of Civil Procedure,
all of which are needed in the research,
preparation, and litigation of my claims
in the U.S. District Court. And without
access to the law library, I will not be
able to prepare and file my pleadings with
the Court, as each claim has it's own legal
prerequisites and evidentiary basis, and must
satisfy the rules of civil procedure (federal)
ob my claims and pleadings may be
rejected by the Court. However I was
still denied access to the law library,
notwithstanding my explanation.

(2)

Con't

Specifically, today I was threatened by Custody Assistant Hinton about requesting law library access. Mr. Hinton stated that if I continue to request access to the law library, or if he saw me in the law library, I would be sent to disciplinary segregation - he hit my chest to emphasis his point.

If I am not allowed access to the law library, I am being injured with respect to challenging my conditions of confinement (i.e., non-attendance at religious & kosher diet, conditions of 'ad-seg' confinement, lack of medical treatment) where I am in danger to suffer irreporable harm to my health. The Courts are my last hope to seek remedy to my claims.

Therefore, I am appealing to you as chief executive and policy maker for the Sheriff's department, and my place of confinement, that I be allowed access to the law library to research, prepare my documents for filing and litigate my claims before the U.S. District Court.

I have written a plethora of

(3)

Con't

requests and complaints regarding this issue,
but to no avail. Please accept this
Correspondance as an exhaustion of my
administrative remedies, as there is no
higher authority to appeal to in the
Sheriff's department.

Thank you in advance for your prompt
attention to this matter.

Sincerely,

Elton Deans
#987304

(4)

Continued from p. 5 (Defendant Hinton)

1   Plaintiff was only in the law library five
2 minutes before he (plaintiff) was approached
3 by Custody Assistant Hinton (defendant #1).
4 a [illegible] legal department report to [illegible].
5 Defendant asked plaintiff [illegible]
6 [illegible]
7 [illegible]
8 [illegible]
9 Defendant [illegible]
10 [illegible]
11 Hinton stated to plaintiff [illegible]
12 plaintiff [illegible]
13 [illegible]
14 [illegible]
15 [illegible]
16 [illegible] with pro per status
17 from the California criminal courts, were permitted
18 access to the law library. Plaintiff [illegible]
19 [illegible]
20 [illegible] law library because
21 he (plaintiff) wanted to file a federal
22 civil complaint [illegible]
23 [illegible]
24 [illegible]
25
26
27

〈 Defendant Hinton 〉

1  base and index, as well as books of
2  current district court and ninth Circuit case
3  law. And that plaintiff needed access to
4  the law library to conduct legal research on
5  his federal claims, as well as to ensure all
6  such legal prerequisite and exhausting
7  _____. Plaintiff further stated he exhausted
8  _____ that he needed access to the
9  _____.
10 _____
11 _____
12 _____
13 _____
14 Def_____
15 _____
16 _____
17 _____
18

19  **II.** On or about October 8, 2008, plaintiff
20  initiated three (3) inmate grievance complaints
21  _____
22  _____, and based upon
23  the occurrences of September 25, 2008,
24  when plaintiff was denied access to and
25  evicted from the law library by defendant
26

Page (2)

⟨Defendant Hinton⟩

1   Hinton. A letter directed to Los Angeles
2   County Sheriff, Lee Baca, at Sheriff
3   Department Headquarters located at
4   Monterey Park, California, was also sent
5   regarding this matter.
6
7   III.  On or about October 6, 2008,
8   defendant Hinton had come to plaintiff's
9   module as he brought legal mail as to
10  to find cases concerning, and all of the
11  RCS legal department.  Plaintiff called
12  defendant Hinton to his cell to give him
13  a copy of the inmate interview complaint,
14  as well as a request to law library time.
15  Plaintiff asked defendant Hinton to give
16  a copy of the inmate grievance\complaint
17  to the sergeant in charge of the RCS
18  legal department, (S.D. Roberts), along
19  with a copy of plaintiff's request for law
20  library time.  Defendant Hinton took
21  the inmate interview complaint and request
22  to law library time and would not accept them.
23  Defendant Hinton once again became irate
24  towards plaintiff by saying "I'm not
25  going to accept them. Defendant Hinton
26  stated to plaintiff him he (Hinton) did
27                  Page (3)

〈Defendant Hinton〉

1 not care about Plaintiff's access to the
2 [illegible]
3 [illegible]
4 [illegible]
5 [illegible]
6 [illegible]
7 [illegible]
8 [illegible]
9 [illegible]
10 [illegible]
11 [illegible]
12 [illegible]
13 [illegible] Plaintiff took this
14 statement as a [illegible] threat to mean that
15 plaintiff should abandon his pursuit for
16 administrative relief regarding being denied
17 access to the law library. With regard to
18 plaintiff's request for law library time,
19 defendant Hinton stated to plaintiff that he
20 (plaintiff) was not getting access to the law
21 library under any circumstances.
22
23 IV.  On or about October 14, 2008,
24 defendant Hinton came to plaintiff's cell
25 because one of the module 2700 deputies
26 told defendant Hinton that plaintiff had

⟨Defendant Hinton⟩

1  been requesting law library time or access to
2  the law library. Defendant threatened
3  plaintiff that if he (plaintiff) continued to
4  request access to the law library, plaintiff
5  would be subjected to disciplinary sanctions,
6  especially if he (plaintiff) was court-mandated
7  the law library. Plaintiff is not aware
8  ........ Hinton that ....................
9  .... law library was ..... plaintiff with
10 request to ..................................
11 ............................................
12 ....... as plaintiff could not research his
13 Federal claims to find out their legal
14 prerequisites or evidentiary basis, or what
15 he would have to prove to sustain the claims,
16 (2) plaintiff does not have access to the
17 Federal Rules of Civil Procedure ("FRCVP") with
18 which to consult regarding the proper format
19 and manner of filing the complaint, forms
20 of ...... and ........ to ........, and
21 other ancillary matters material to the
22 prosecution of plaintiff's claims. Hinton
23 further stated to defendant Hinton that
24 ...........................................
25 ...........................................
26 like to reserve". And .................
27                   Page (5)

&lt;Defendant Hinton&gt;

1. there is a spot to request "law library time", and
2. that he (plaintiff) had submitted numerous
3. requests using this form, but to no avail.
4. Defendant Hinton stated that plaintiff
5. would not be granted access to the law library,
6. and even restricted access, under any
7. circumstances, and advised plaintiff the real facts
8. the inmate endured over an extended term in
9. preparing to request law library time. Plaintiff
10. asked defendant Hinton whether denial of
11. access to the law library was based upon
12. security concerns or any legitimate
13. penological interest. Defendant Hinton
14. responded that it was not. Defendant Hinton
15. stated that the law library and its resources
16. were exclusively for those inmates that
17. were criminal defendants, with pro-per status,
18. in the criminal courts. Because plaintiff
19. had submitted numerous requests and inmate
20. grievances, including a letter to Sheriff Baca,
21. without a reply from any of them, plaintiff
22. asked defendant Hinton for a "Writ of Habeas
23. Corpus" as the MCJ's legal department keeps
24. these forms in stock. Defendant Hinton
25. denied plaintiff's request for a "Writ of
26. Habeas Corpus".
27. 

Page (6)

⟨Defendant Hinton⟩

1  Defendant Hinton had knowledge that plaintiff
2  had a right of access to the Courts, namely
3  access to the law library and its resources
4  to pursue his federal claims regarding his
5  [illegible]
6  [illegible]
7  [illegible]
8  [illegible]
9  [illegible]
10 [illegible]
11 [illegible]
12
13            CLAIM II
14  The following Civil right has been violated:
15
16  1. U.S. Const. Amend V ⟨access to the courts⟩
17  2. U.S. Const. Amend XV ⟨access to the courts⟩
18  3. U.S. Const. Amend XIV ⟨due Process/inmate Grievance⟩
19
20           SUPPORTING FACTS
21        ⟨Custody mst Caldwell⟩
22           Defendant #2
23  I.  On or about October 4, 2008,
24  Custody Assistant Caldwell (Defendant #2), a
25  MCJ legal department representative, had
26  cause to come plaintiff's [illegible]
27                Page (7)

&lt;Defendant Caldwell&gt;

\\

1  location in module 3100, D-Row, to deliver
2  legal mail or to conduct other business on
3  behalf of the mcs legal department.
4  Plaintiff called defendant Caldwell to his
5  cell. Plaintiff gave defendant Caldwell a
6  copy of the inmate grievance/complaint
7  initiated on October 2, 2008, regarding
8  being denied access to the law library and
9  memorialized the occurances of September
10  25, 2008, with defendant Hinton. Plaintiff
11  also gave defendant Caldwell a handwritten
12  request for law library time and access.
13  Defendant Caldwell took both items from
14  plaintiff, read them, and then gave them back
15  to plaintiff. Defendant Caldwell stated to
16  plaintiff that only inmates that are criminal
17  defendants with proper status, in the
18  California Criminal Courts, are permitted
19  access to the law library and its resources.
20  Defendant Caldwell refused to accept
21  plaintiff's request for access to the law library
22  and plaintiff's inmate grievance/complaint.
23  Plaintiff explained to defendant Caldwell
24  that he was challenging his conditions of
25  confinement and lack of medical treatment.
26  Plaintiff further explained that he (plaintiff)

Page (8)

⟨Defendant Caldwell⟩

11

1 | needed access to the law library because
2 | he wanted to file a Federal Civil Rights
3 | Complaint in the United States District and
4 | plaintiff needed access to the computer
5 | (and books) to research his federal claims.
6 | Plaintiff explained further needed access
7 | to the Federal Rules of Civil Procedure ("FRCP")
8 | for instructions on the correct way to
9 | properly file the complaint. Plaintiffs
10 | explanation notwithstanding, defendant
11 | Caldwell continued to deny plaintiff access
12 | to the law library.
13

14 | **II.** On or about October 16, 2008,
15 | defendant Caldwell had cause to come to
16 | Plaintiff's housing location, module 3400, to
17 | deliver legal mail or to conduct other
18 | business on behalf of the mens legal
19 | department. Plaintiff called defendant
20 | Caldwell to his cell. Plaintiff had prepared
21 | a federal writ of habeas corpus that he
22 | received from the United States District
23 | Court through the mail. The "writ"
24 | concerned the matter of being denied
25 | access to the county, namely the law library
26 | at mens central jail. The "writ" was

27 | Page (9)

(Defendant Caldwell)

1  given to defendant Caldwell for mailing
2  to the United States District Court, for the
3  Central District of California. Plaintiff
4  also gave defendant Caldwell an additional
5  request for access to the law library to
6  prepare his Federal Civil complaint.
7  Defendant Caldwell constantly denied
8  plaintiff's request to access to the law
9  library, hindering the plaintiff's case in a
10 "proper" state court in a criminal court.
11
12 III.  On or about October 30, 2008,
13 plaintiff wrote a letter to the United
14 States District Court, for the Central District
15 of California, regarding the status of the
16 writ of habeas corpus given to defendant
17 Caldwell for mailing on October 16, 2008.
18
19 IV.  On or about November 16, 2008,
20 plaintiff wrote a second letter to the U.S.
21 District Court inquiring about the status of
22 the habeas petition, due to the fact that
23 plaintiff had not received a response from
24 his first letter and inquiry.
25
26 V.  On or about December 9, 2008,
27                    Page (10)

<Defendant Caldwell>

1  Plaintiff wrote a third letter to the U.S.
2  District Court inquiring about the status of
3  his habeas petition. On or about December
4  11, 2008, Plaintiff received a letter from the
5  US District Court, the clerk's office, stating
6  that there was no such document on file,
7  meaning the writ of habeas corpus given to
8  defendant Caldwell by plaintiff in October
9  16, 2008. The District Court never received
10 Plaintiff's writ of habeas corpus. Defendant
11 Caldwell knowingly discarded Plaintiff's
12 writ of habeas corpus, and thereby impeded
13 Plaintiff's ability to seek remedy from the
14 Courts in regards to being denied access to the
15 Courts, namely the law library at Mens Central
16 Jail.
17
18          CLAIM III
19 The following civil right has been violated:
20 1. U.S. Const. Amend. V <access to the courts>
21 2. U.S. Const. Amend. VIII <access to the courts>
22 3. U.S. Const. Amend. XIV <inmate grievance>
23
24          Supporting Facts
25       - Sgt. S.B. Roberts
26        Defendant # 3
27          Page (11)

‹Defendant Roberts›

1   **I.** On or about October 8, 2008,
2   Plaintiff initiated an inmate grievance\
3   Complaint directed to defendant Roberts,
4   the sergeant in charge of the mc's legal
5   department at Mens Central Jail. The Complaint
6   regarded Plaintiff being denied access to
7   the Courts, namely the law library, and the
8   incidents involving defendants Hinton and
9   Caldwell. Plaintiff placed the complaint inside
10  the "Complaint box" located at the end of the
11  tier on D-row in module 2400. The floor
12  sergeant, as is customary, collects the inmate
13  complaints and directs the complaint to the
14  appropriate staff member for disposition.
15  Defendant Roberts did receive plaintiff's
16  inmate grievance/complaint. However, plaintiff
17  never received a response from defendant
18  Roberts. After receiving and having knowledge
19  of plaintiff's inmate complaint, and knowledge
20  of plaintiff being unlawfully denied access
21  to the courts, defendant Roberts willfully
22  failed to review and/or investigate plaintiff's
23  inmate complaint.
24      **II.** On or about October 9, 2008,
25  Plaintiff was taken on a medical pass
26  by deputy Ruiz, a 2000 floor deputy.
27                  Page (12)

〈Defendant Roberts〉

1.  Plaintiff asked deputy Ruiz for permission
2.  to speak with the deputy ... and want to find
3.  what to give him a copy of the inmate
4.  grievance/complaint to the legal department.
5.  The Defendant, .... the legal department refusing
6.  to obey, requesting being denied access to
7.  the law library, deputy Ruiz denied
8.  ............................................................
9.  .............., but did state that he would
10. accept custody of the inmate complaint and
11. turn it into the mcs legal department, namely
12. defendant Roberts. Plaintiff gave deputy
13. Ruiz the inmate complaint for delivery to the
14. legal department, namely defendant Roberts.
15. Defendant Robert did receive plaintiff's
16. inmate complaint, but was deliberately
17. indifferent to plaintiff being denied access
18. to the courts and did not answer plaintiff's
19. Complaint.
20.
21.              CLAIM Ⅳ
22. The following civil right has been violated:
23. 1. U.S. Const. Amend Ⅰ 〈access to the courts〉
24. 2. U.S. Const. Amend. Ⅳ 〈access to the courts〉
25. 3. U.S. Const. Amend. ⅩⅣ 〈Inmate Grievances〉
26.
27.              Page (13)

&lt;Defendant Baca&gt;

Supporting Facts
1 Defendant Baca
2 Defendant #4
3

4 I. On or about October 8, 2008, plaintiff
5 wrote and sent a letter directed to Los Angeles
6 County Sheriff, Lee Baca, regarding being
7 denied access to the courts, namely the law
8 library at Mens Central Jail. Plaintiff also
9 in the letter recounted the incident that occured
10 on September 26, 2008, involving defendant
11 thirteen. Defendant Baca had knowledge of
12 the inmate grievance/complaints filed at Mens
13 Central Jail regarding plaintiff's conditions of
14 confinement and lack of medical treatment.
15 Defendant Baca also had knowledge that
16 plaintiff was requesting law library access
17 in order to file a federal civil rights complaint
18 regarding plaintiff's conditions of confinement.
19 Defendant Baca knew or had knowledge
20 that plaintiff was being denied access to the
21 courts for no specific reason. Defendant
22 Baca failed to answer to any of plaintiff's
23 letters or complaints. Defendant Baca
24 further failed to act in providing plaintiff
25 access to the courts.
26 \\
27



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8 Los
Angeles, CA 90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**TERRY NAFISI**
District Court Executive
and Clerk of Court

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Thursday, January 22, 2009

**ISHMAEL MIZRAHI (AKA) THOMAS HAGEN**
**#1714721**
**441 BAUCHET ST.**
**LOS ANGELES, CA 90012**


Dear Sir/Madam:

A Complaint for Civil Rights was filed today on your behalf and assigned civil case number
CV09- 321 JFW (E)



Please refer to this case number in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:

☐ District Court Judge _____

☒ Magistrate Judge _____ **Charles Eick** _____

at the following address:

☒ U.S. District Court          ☐ Ronald Reagan Federal          ☐ U.S. District Court
312 N. Spring Street              Building and U.S. Courthouse       3470 Twelfth Street
Civil Section, Room G-8          411 West Fourth St., Suite 1053    Room 134
Los Angeles, CA 90012           Santa Ana, CA 92701-4516           Riverside, CA 92501


The Court must be notified within fifteen (15) days of any address change.  If mail directed to your
address of record is returned undelivered by the Post Office, and if the Court and opposing counsel
are not notified in writing within fifteen (15) days thereafter of your current address, the Court may
dismiss the case with or without prejudice for want of prosecution.

Sincerely,

Clerk, U.S. District Court

                    CSAWYER
By: _____
                    Deputy Clerk