```
 1
 2
 3
 4
 5
 6
 7
 8                        UNITED STATES DISTRICT COURT
 9                       CENTRAL DISTRICT OF CALIFORNIA
10
11  ISHMAEL MIZRAHI,                  ) NO. CV 09-321-JFW(E)
                                      )
12              Plaintiff,            )
                                      )
13       v.                           ) MEMORANDUM AND ORDER
                                      )
14  LEE BACA, et al.,                 )
                                      )
15              Defendants.           )
    _____ )
16
17                              BACKGROUND
18
19       Plaintiff is a state detainee at the Men's Central Jail in
20  Los Angeles, California ("MCJ"), who is accused of violating
21  California criminal law.  Plaintiff filed this pro se civil rights
22  action on January 22, 2009, against: (1) MCJ Custody Assistants Hinton
23  and Caldwell, in their individual and official capacities; (2) MCJ
24  Sergeant Deputy J.D. Roberts, in his official capacity; and
25  (3) Los Angeles County Sheriff Lee Baca, in his official capacity.
26  ///
27  ///
28  ///
```

**SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff asserts four claims for relief:

**Claim 1**

In Claim 1, Plaintiff alleges that on or about September 25, 2008, Plaintiff sought access to the MCJ law library to conduct research related to a separate civil rights action Plaintiff wished to file challenging the conditions of his confinement (Complaint, p. 5; Attachment to Complaint, p. 1). Plaintiff alleges that Defendant Hinton denied Plaintiff access to the MCJ law library (Complaint, p. 5; Attachment to Complaint, p. 1). Plaintiff alleges that Defendant Hinton advised that only criminal defendants with "pro per" status were permitted to access the law library (Attachment to Complaint, pp. 1, 6).

Plaintiff further alleges that Defendant Hinton denied him access to the law library again on October 8 and 14, 2008, and refused to accept an inmate grievance form relating to Defendant Hinton's prior denial of law library access (Attachment to Complaint, pp. 3-4). Plaintiff also alleges that Defendant Hinton refused to provide Plaintiff with a "Writ of Habeas Corpus" form (Attachment to Complaint, p. 6).

**Claim 2**

In Claim 2, Plaintiff alleges that on or about October 9 and 16,

2

2008, Defendant Caldwell denied Plaintiff access to the MCJ law library, and refused to accept Plaintiff's inmate grievance form concerning the denial of law library access (Attachment to Complaint, pp. 7-10).

Plaintiff further alleges that on or about October 16, 2008, Defendant Caldwell knowingly discarded a petition for writ of habeas corpus Plaintiff submitted for filing with this Court which raised a denial of access claim based on Plaintiff's alleged inability to use the MCJ law library. Plaintiff alleges that this Court never received the petition (Attachment to Complaint, pp. 9-11).[1]

**Claim 3**

In Claim 3, Plaintiff alleges that on or about October 8, 2008, Defendant Roberts wilfully failed to review and/or investigate Plaintiff's inmate grievance concerning his access to the law library and Plaintiff's allegations against Defendants Hinton and Caldwell (Attachment to Complaint, pp. 11-12).

///

---

[1] The Court takes judicial notice of the fact that Plaintiff filed with this Court a "Petition for Writ of Habeas Corpus By a Person in State Custody" on October 23, 2008, Case No. CV 08-7002-JFW(E), purporting to challenge alleged denial of adequate access to the MCJ law library. The Court issued an order denying and dismissing the petition without prejudice since the petition did not attack the legality or duration of Plaintiff's confinement, and therefore habeas corpus was unavailable. See "Order Adopting Findings, Conclusions and Recommendations of United States Magistrate Judge," and "Report and Recommendation of United States Magistrate Judge" filed on December 9, 2008 in Case No. CV 08-7002-JFW(E).

**Claim 4**

In Claim 4, Plaintiff alleges that on or about October 8, 2008, he sent a letter to Defendant Baca concerning his grievances against Defendant Hinton. Plaintiff alleges Defendant Baca knew or had reason to know that Plaintiff was being denied access to the law library, but failed to answer any of Plaintiff's letters or complaints and in so doing, further failed to provide Plaintiff access to the courts (Attachment to Complaint, pp. 13-14).

Plaintiff seeks a permanent injunction allowing himself and other similarly-situated inmates who are not pro per criminal defendants access to the MCJ law library. Additionally, Plaintiff seeks compensatory damages, damages for emotional distress, and punitive damages against each of the Defendants. See Complaint, p. 6.

**DISCUSSION**

As Plaintiff is a prisoner proceeding on a civil rights complaint naming governmental defendants and addressing conditions in a correctional facility, the Court must screen the Complaint prior to ordering service on the defendants, identify cognizable claims, and dismiss any claims that fail to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A ("prisoner" complaints against government defendants by detained persons accused of crimes); 42 U.S.C. § 1997e(c) (complaints regarding "prison" conditions by a prisoner confined in any jail, prison, or other correctional facility); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th

4

Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("The statutory authority is clear: 'the court shall dismiss at any time if the court determines that . . . the action or appeal . . . fails to state claim on which relief may be granted.'") (emphasis in original, citing 28 U.S.C. § 1915(e)(2)(B)(ii)).

When a plaintiff appears pro se, the court construes the pleadings liberally to afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). Giving Plaintiff the benefit of any doubt, the Complaint in this action appears deficient for the following reasons.

**I.    Plaintiff Has Not Sufficiently Pled His Denial of Access Claims.**

To the extent Plaintiff alleges that interference with his legal mail and access to the law library violated Plaintiff's right of access to the courts, Plaintiff's allegations are insufficient. A prisoner claiming a violation of the right of access to the courts must demonstrate that the prisoner has standing to bring the claim by showing the defendant's actions caused the prisoner to suffer "actual injury" in pursuit of either a direct or collateral attack upon a conviction or sentence or a challenge to the conditions of confinement. Lewis v. Casey, 518 U.S. 343, 349 (1996). Under Lewis v. Casey, a prisoner must show that an action was "lost or rejected," or that presentation of a non-frivolous claim was or is being prevented, as a result of the alleged denial of access. Id. at 356; see also Christopher v. Harbury, 536 U.S. 403, 415-16 (2002) (discussing pleading standard for access claims under Lewis).

1  Plaintiff does not plead he suffered any "actual injury" within the
2  meaning of Lewis v. Casey.

**II. Plaintiff Has Not Pled a Claim for Relief Related to his Jail Grievances.**

To the extent Plaintiff contends the named Defendants mishandled Plaintiff's jail grievances, Plaintiff also fails to state a claim for relief. "[A]n inmate has no due process rights regarding the proper handling of grievances." Wise v. Washington State Dep't of Corrections, 244 Fed. App'x 106, 108 (9th Cir. 2007), cert. denied, 128 S. Ct. 1733 (2008) (unpublished decision);[2] see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), cert. denied, 541 F.3d 1063 (2004).

**III. Certain of Plaintiff's Damages Claims and Plaintiff's Claim for Injunctive Relief on Behalf of Similarly Situated MCJ Detainees Are Improper.**

To the extent Plaintiff is asserting claims for punitive damages against each of the named Defendants in their official capacities, the Court notes that those claims must be construed as claims against the entity by whom Defendants are employed, i.e., Los Angeles County. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Plaintiff may not recover punitive damages against a governmental entity or an

---

[2] The Court may cite to unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

6

individual governmental officer in his or her official capacity. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 524 (9th Cir.), cert. denied, 528 U.S. 1003 (1999).

To the extent Plaintiff seeks damages for emotional distress, Plaintiff has not alleged any physical injuries from the challenged actions as required to support a claim for mental or emotional injury suffered while in custody. See 42 U.S.C. § 1997e(e) ("No Federal Civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

Finally, to the extent Plaintiff seeks injunctive relief on behalf of a class of similarly situated MCJ detainees, Plaintiff as a pro se litigant may not represent those interests. A pro se plaintiff may not represent anyone other than himself or herself. See Harlow v. County of Riverside, 295 Fed. Appx. 252, 253 n. 1 (9th Cir. 2008) (unpublished decision); Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

**ORDER**

The Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted thirty (30) days

7

1  from the date of this Order within which to file a First Amended
2  Complaint.  The First Amended Complaint shall be complete in itself.
3  It shall not refer in any manner to any prior complaint.  Plaintiff
4  shall not attempt to add additional parties without leave of Court.
5  See Fed. R. Civ. P. 21.  Failure to file timely a First Amended
6  Complaint in conformity with this Memorandum and Order may result in
7  the dismissal of this action.  See Simon v. Value Behavioral Health,
8  Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir.
9  2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds,
10 Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir.), cert. denied, 128
11 S. Ct. 464 (2007) (affirming dismissal without leave to amend where
12 plaintiff failed to correct deficiencies in complaint, where court had
13 afforded plaintiff opportunities to do so, and where court had given
14 plaintiff notice of the substantive problems with his claims); Plumeau
15 v. School District #40, County of Yamhill, 130 F.3d 432, 439 (9th Cir.
16 1997) (denial of leave to amend appropriate where further amendment
17 would be futile).

19    IT IS SO ORDERED.

21        DATED: February 10, 2009

23                          _____/s/ John F. Walter_____
                                    JOHN F. WALTER
24                            UNITED STATES DISTRICT JUDGE

25 Presented this 9th day of
26 February, 2009, by

27 _____/S/_____
        CHARLES F. EICK
28 UNITED STATES MAGISTRATE JUDGE